## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TY DOUGLAS WATTS,

                    Plaintiff,

         vs.                                                         No. CIV 11-445-LFG

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

                    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's "Motion for an Order Authorizing Attorney Fees, with Supporting Memorandum," filed May 7, 2013. [Doc. 26.] Plaintiff Ty Douglas Watts ("Watts"), represented by The Martone Law Firm or Attorney Martone, requests an award of attorney's fees in the amount of $12,870.00, in accordance with 42 U.S.C. § 406(b)(1), for legal services rendered before the Court. Defendant filed a response, declining to assert a position on the reasonableness of Watt's request for attorney's fees because she is not the true party in interest, as the Commissioner has no direct financial stake in response to § 406(b) attorney fee requests. [Id., at 1.] Thus, Defendant neither opposes nor concurs in the fee request. Watts did not file a reply, and the matter is ready for resolution. [Doc. 28.]

## Procedural History

The Martone Law Firm ("Attorney Martone") represented Watts during his pursuit of Social Security disability benefits. On May 24, 2011, Watts filed his original complaint in federal district court. [Doc. 1.] After filing his initial brief in support of remand [Doc. 20], Defendants filed an

unopposed motion for remand pursuant to "Sentence Four" [Doc. 21.] The case was remanded for further administrative hearings. [Doc. 22.]  Watts sought and was awarded EAJA attorney fees for that work in the amount of $3,975.55.[1]  [Docs. 23, 24, 25.]

On remand, the ALJ held a supplemental hearing, and on December 20, 2012, issued a favorable decision to Watts. [Doc. 26, Ex. A.] Watts and his attorneys were advised that Claimant was awarded back benefits totaling $86,946.00, and that $21,736.00 was withheld pending an award of attorney fees by the Social Security Administration and the Court. [Doc. 26, at 2, Ex. B.]

As compensation for the firm's work at the agency level, the Commissioner paid Attorney Martone $6,000.00,[2] minus an $88.00 user fee, from withheld back benefits.  This payment was made in accordance with 42 U.S.C. § 406(a) ("fees for representation before Commissioner").  It is separate from the present attorney fee request made under § 406(b) for representation before the Court.

The § 406(b)(1) attorney fee request of $12,870.00 (in addition to the $6,000.00 awarded under § 406(a)) represents 21.45 hours of attorney work and 1.75 hours of administrative work. [Doc. 26, Ex. D, Attorney Martone Aff.] Defendant observes that Attorney Martone essentially requests compensation at an hourly rate of $600.00 for his work in the District Court. [Doc. 27, at 4.] There was no reply by Watts, so the Court assumes that Attorney Martone agrees that $600.00

[1]Should Watts's attorney be awarded fees under § 406(b), Attorney Martone represents that he will refund to Watts the EAJA fees in the sum of $3,379.992 "[The Department of the Treasury paid the Internal Revenue Service $596.33 from the EAJA award], minus $1,314.74 for gross receipts tax and $130.70 for advanced costs for copies of medical records." [Doc. 26, at 2.]

[2]The Commissioner has the authority to increase the maximum amount of attorney fees under 42 U.S.C. § 406(a)(2)(A).  The initial maximum amount was $4,000, as set in 1990, and the statute sets out this same figure.  Id.  Effective June 22, 2009, however, the Commissioner increased the amount to $6,000.  Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009).

is an accurate estimate of the hourly rate in this matter, if Martone had charged by the hour rather than by contingency fee.

## Legal Standard

Under § 406(b), the district court is permitted to endorse "a reasonable fee" not in excess of 25% of the past-due benefits awarded to the claimant.  42 U.S.C. § 406(b).

> Whenever a court renders a judgment favorable to a claimant under the subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1).  "The tenor of § 406(b) is permissive rather than mandatory.  It says that the court may make such an award, not that such an award shall be made."  Torres v. Astrue, No. CIV 09-519 JB/RHS [Doc. 34, at 3] (D.N.M. Mar. 5, 2012) (unpublished) (citing Whitehead v. Richardson, 446 F.2d 126, 128 (6th Cir. 1971)).  In Torres, Judge Browning noted the distinction between § 406(a),[3] where Congress used the word "shall" in terms of fee awards related to proceedings before the commissioner, and § 406(b), where Congress used the word "may" in terms of fee awards related to representation before the court.[4]  Judge Browning further observed that "[t]raditionally, an award of attorney's fees is a matter within sound discretion of the court."  Id. (citation omitted).

In Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002), the United States Supreme Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are

---

[3]

[4]"The statute [42 U.S.C. § 406] deals with the administrative and judicial review discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in the court."  Gisbrecht v. Barnhart, 535 U.S. at 794.

set for successfully representing Social Security benefits claimants in court." Instead, the statutory provision "calls for court review of such arrangements as an independent check to assure that they yield reasonable results in particular cases." Id. The statute imposes the 25% of past-due benefits limitation on attorney fees as a ceiling, not as a standard to be used to substantiate reasonableness. Id.

In Gisbrecht, the Supreme Court rejected the lodestar method in determining the reasonableness of a fee request under § 406(b). Instead, the Court looks to the contingent-fee agreement, testing it for reasonableness. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order . . . . In this regard, the court may require the claimant's attorney to submit . . . a record of the hours spent . . . and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases . . . ." Id. at 808. The reasonableness determination is "based on the character of the representation and the results the representation achieved. Id. In addition to that already stated, attorney fees may be reduced if the representation is substandard or if the attorney is responsible for delay.

## Fee Request

Attorney Martone notes that after the § 406(a) fee of $6,000.00 is subtracted from the total back benefit award of $86,946.00, a possible request up to $15,736.50 could be made and remain under the 25% ceiling. Thus, Attorney Martone's requested fee of $12,870.00 is beneath the 25% cap.

Plaintiff's counsel further contends that the fee request is reasonable under the six factors set out in Blankenship v. Schweiker, 676 F.2d 116, 118 (4th Cir. 1982). For example, Attorney Martone notes language from Blankenship supporting the position that the 21.45 hours claimed was required. "[T]he nature of disability cases is repetitive so that the ability and skill of a more

4

experienced attorney would offset the number of hours put in by one who is not familiar with the applicable statutes and regulations." [Doc. 26, at 3-4.] Martone argues that a review of the total hours expended in this case demonstrates that efficiency. [Id.] (*citing* Blankenship, 676 F.2d at 118).

Plaintiff's counsel also states that while the case was not difficult for an experienced social security disability attorney, the number of hours devoted to the substantive tasks reflects the experience and efficiency of such attorneys, resulting in a decrease of time needed to accomplish the tasks. [Doc. 26, at 4.] Moreover, the fee agreement between Watts and Attorney Martone was contingent upon success, and the total fee agreed to by Watts and requested by counsel is less than 22% of the back benefits (figuring $12,870.00 + $6,000.00 divided by $86,946.00 = 21.7%). The case proceeded very quickly through the United States District Court without delay.

Attorney Martone also identifies several cases where the undersigned Magistrate Judge granted similar awards of attorney fees under § 406(b). [Doc. 26, at 5.] In Heiskell v. Astrue, No. CIV 04-860 LFG [Doc. 29] (D.N.M. July 30, 2007), this Court reduced the Martone Law Firm's request for fees that amounted to an award of $740.00 per hour, but permitted fees at the hourly rate of about $629.00 [Id., at 6.] Similarly, in Vento v. Astrue, No. CIV 04-741 [Doc. 28 ], (D.N.M. Nov. 26, 2007), this Court awarded attorney fees, equivalent to an award of $625.00 per hour.

## Discussion

The Court acknowledges that Plaintiff's attorney requested a fee award under the 25% ceiling. However, that alone does not make it "reasonable" under Gisbrecht. The key question is whether "the benefits are large in comparison to the amount of time counsel spent on the case." Fees in the amount of almost $19,000.00 for less than 22 hours of attorney work is large, but the Court declines to reduce the award on that ground alone, under the circumstances of this case.

Moreover, this Court approved similar fee requests in the past, indeed, as many as five to six years ago.

The Court further observes that fee awards under § 406(b) vary widely in this District, when viewed in terms of the hourly rate.[5] *See, e.g.,* C'DeBaca v. Astrue, No. CIV 09-579 WPL [Doc. 27, at 6] (D.N.M. Nov. 23, 2010) (awarding fee request based on $471-$568 hourly rate, and listing cases awarding fees based on hourly rates ranging from $510.25 to $701.75); Gary v. Astrue, No. CIV 10-978 WDS [Doc. 27] (Apr. 12, 2013) (fee request approved, based on hourly rate of $502.00); Ochoa v. Astrue, No. CIV 08-931 WJ/RHS [Doc. 34] (D.N.M. Nov. 9, 2011) (fee request approved, based on hourly rate of $550.00); Gonzales v. Astrue, No. CIV 10-264 [Doc. 29] (D.N.M. Jan. 6, 2012) (fee request approved, based on hourly rate of $382.00); Marlin v. Astrue, No. CIV 10-49 DJS [Doc. 27] (D.N.M. May 31, 2011) (fee request approved, based on $441.00 hourly rate); Dominguez v. Astrue, No. CIV 09-1012 ACT [Doc. 32] (D.N.M. Dec. 7, 2012) (fee request approved in part; allowing a multiplier of 2.8 for risk factor and determining fee award reasonable, based on hourly rate of $478.80).[6]

In evaluating this case in terms of the Gisbrecht factors, the Court determines that there is no reason to question the character of The Martone Firm's representation of Watts, especially in view of the favorable result for Plaintiff. As far as can be determined, based on the record, Attorney

---

[5]In this case, Attorney Martone elected not to provide an hourly rate for what his firm would charge for a non-contingency case. He argued that "[a]n hourly rate would not adequately reflect the unique abilities and experience among our attorneys and staff." [Doc. 26-4, ¶ 5.]

[6]Although the Court comments on various fee awards approved in this District, in terms of the hourly rate, clearly, hourly rate is not determinative with respect to the reasonableness inquiry. Still, the Gisbrecht majority noted that district courts could require a plaintiff's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingent cases to assist in the reasonableness determination. Gisbrecht, 535 U.S. at 808 (citation omitted).

Martone's opening brief led to the government's agreement to remand, that ultimately resulted in an award of damages. Unquestionably, The Martone Law Firm has many years of experience in this specialized area of law, and its expertise and efficiency contribute to its success. The fee award requested is beneath the 25% ceiling. There is no evidence that The Martone Law Firm delayed in bringing this case to a close. The award is consistent with the fee agreement in place between Watts and The Martone Law Firm.

For all these reasons, and in view of this Court's previous fee awards, the Court grants Attorney Martone's request in the amount of $12,870.00 for legal services before this Court. Notwithstanding its decision, the Court is disturbed by a fee request that represents an hourly rate of $600.00. The Court does not question The Martone Law Firm's expertise in the field and its success. Moreover, the Court recognizes a plaintiff's statistical chances of success in this type of litigation and the risk factor. *See, e.g.,* Whitehead v. Barnhart, 2006 WL 910004, at *2 (W.D. Mo. Apr. 7, 2006) (unpublished) (applying "2.8 [risk] factor" due to a plaintiff's 36% chance of establishing entitlement to benefits after filing suit).

Despite the Court's prior similar awards of attorney's fees and this present award of attorney's fees, the Court cautions that it may not always find grounds to award fees that represent an hourly rate of $600.00 or higher. Indeed, the Court has significant discretion in determining the reasonableness of fee awards based on an analysis of the Gisbrecht factors.

Moreover, there are several cases where the Tenth Circuit Court of Appeals upheld the trial court's decisions to reduce requests for attorney's fees under § 406(b). For example, in Gordon v. Astrue, the Tenth Circuit affirmed the District Court's reduction of a fee request for $12,675.00 to $5,265.00, the equivalent of an hourly rate of about $300.00. Gordon, 361 F. App'x 933, 934 (10th Cir. Jan. 21, 2010) (unpublished). In affirming the fee reduction, the circuit court reasoned that the

7

District Court enjoyed "considerable discretion" in setting a fee award for work done before it, and that the District Court did not abuse that discretion.  The Tenth Circuit further explained that the District Court began its analysis by determining that an award in the amount requested would be excessive given the result actually obtained: "a stipulated remand for the purpose of reevaluating the severity of Mr. Gordon's alleged disability and for consultation with a vocational expert."  Id. at 936.

In Russell v. Astrue, the Tenth Circuit again affirmed a reduction of a fee request brought under § 406(b).  Russell, 2013 WL 363478, at *1 (10th Cir. Jan. 31, 2013) (unpublished).  The law firm appealed the reduction.  The claimant, in Russell, obtained a remand that resulted in an award of $68,736.40 in past-due benefits.  Plaintiff's law firm sought $17,184.10 for 28.1 hours of work done.  That request constituted 25% of the past-due benefits.  The District Court reviewed the plaintiff's attorney's record of time expended and found the requested fee would amount to $611.53 per hour.  Counsel's fee for non-contingent work was $275.00 per hour.  The District Court, in Gordon, awarded a fee of $11,884.10, the balance of past-due benefits withheld by the SSA.  The Tenth Circuit affirmed, noting that the reduction was proper "when the recovery of past-due benefits for the claimant is 'large in comparison to the amount of time counsel spent on the case.'" Id. (citing Gisbrecht, 535 U.S. at 808).  The Tenth Circuit further reasoned that "[w]hat constitutes a reasonable fee is a judgment that 'ordinarily qualif[ies] for highly respectful review . . . .'" Id., at *2 (citing Gisbrecht, 535 U.S. at 808).

Also, in Miller v. Astrue, the Oregon District Court observed that "despite the primacy afforded to the fee contract created between counsel and client – courts are empowered to exercise discretion to ensure that the claimant is protected from having to surrender retroactive disability benefits in a disproportionate payment to counsel." Miller, 2011 WL 2490605, at *3 (D. Or. June

22, 2011) (unpublished), *aff'd*, 467 F. App'x 601 (9th Cir. Jan. 25, 2012) (internal citations omitted).

The District Court concluded that counsel would be awarded a total of 20% of the alleged retroactive benefit award, rather than the requested 25% award.  In so determining, the District Court concluded that "the concerns about proportionality are not allayed by the risks counsel undertook in representing this plaintiff, under the complexity and circumstances presented."  Id., at 5 (citation omitted).

Thus, while the Court grants Plaintiff's counsel's request in this case, there may be situations and circumstances that do not warrant a fee award based on an hourly rate of $600.00.

### Conclusion

For all of the above-stated reasons, Plaintiff's counsel's Motion for an Order Authorizing Attorneys Fees [Doc. 26] is granted, with the result, that The Martone Law Firm is awarded $12,870.00 for legal services and must refund $3,379.22 in EAJA fees to Watts.

IT IS SO ORDERED.

Lorenzo F. Garcia
United States Magistrate Judge